IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02026-BNB

BRIAN PATRICK STREET,

    Plaintiff,

v.

ROBERT SIMON, Inmate,
BROWN, S.I.S. Lieutenant,
LAWSON, Officer,
MR. TIXON, Counselor,
MR. WALDO, Case Manager,
BLAKE DAVIS, F.C.I. Warden,
MIKE NALLEY, Regional Director,
HARLEY LAPPIN, F.B.O.P. Director,
MS. LEWELLEN, Unit Manager,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 2 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Brian Patrick Street, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Correctional Institution (FCI) in Marianna, Florida. He initiated this action in the United States District Court for the Northern District of Florida in December 2009. The case was transferred to this Court by order dated August 23, 2010, pursuant to 28 U.S.C. § 1406(a), because the Defendants are employed at FCI-Englewood in Littleton, Colorado, where the acts giving rise to this lawsuit occurred. Mr. Street filed *pro se* a Prisoner Complaint on October 5, 2010, pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He has been granted

leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court will construe the Complaint liberally because Mr. Street is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. **See Hall**, 935 F.2d at 1110. For the reasons discussed below, Mr. Street will be directed to file an amended complaint.

Plaintiff alleges that upon his arrival at FCI-Englewood in April 2008, he requested placement in protective custody because of threats made against him by other inmates on the bus ride from the airport. Plaintiff was housed in the annex. A few days later, Defendant Lawson, who was on duty in the annex, told Plaintiff that he was a "chomo" (child molester). Compl. at 5. Lawson then proceeded to walk up and down the tier calling Plaintiff a "chomo" to the other inmates, and telling them that Plaintiff had been threatened with rape if he went out to the compound. *Id.* Plaintiff complained about Defendant Lawson's conduct to Defendant Lt. Brown. Approximately one month later, Defendant inmate Simon was placed in Plaintiff's cell. Plaintiff alleges that Defendant Simon raped him and sexually assaulted him repeatedly over the next twenty-six days. Defendant Simon told Plaintiff that Defendant Brown "had it in for [him]" and that Simon was supposed to teach Plaintiff "what it is like to be a victim." *Id.* at 6. When Plaintiff asked for help, he was ridiculed by Defendant Brown. For relief, Mr. Street requests that Defendants Simon, Lawson, and Brown be prosecuted criminally. Plaintiff also seeks injunctive and monetary relief.

Mr. Street fails to allege specific facts to show that Defendants Tixon, Waldo, Davis, Nalley, Lappin, and Lewellen personally participated in a violation of Plaintiff's constitutional rights. In order to state a claim in federal court, Mr. Street "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Street is advised that personal participation by the named defendants is an essential allegation in a *Bivens* action. *See Kite v. Kelley,* 546 F.2d 334, 336-38 (10th Cir.1976). Plaintiff must therefore show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Furthermore, Defendants Lewellen, Davis, Nalley and Lappin may not be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Kite*, 546 F.2d at 337. A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable [for a constitutional violation] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . . –

express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Finally, Mr. Street is advised that he does not have standing to initiate a federal criminal prosecution against Defendants Simon, Lawson and Brown. *See, e.g., Cole v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F.Supp. 670, 673 (D.Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Accordingly, it is

ORDERED that Plaintiff, Brian Patrick Street, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff's Motion to Amend [Doc. No. 3], filed August 23, 2010, is DENIED as moot. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Street, together with a copy of this order, two copies of the following form to be used in submitting the Amended Complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Street fails to file an Amended Complaint that complies with this order within the time allowed, the Court will dismiss Defendants

Tixon, Waldo, Davis, Nalley, Lappin, and Lewellen for the reasons discussed in this Order.

DATED November 2, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02026-BNB

Brian P. Street
Reg No. 07527-030
Federal Corr. Institution
P.O. Box 7007
Marianna, Florida 32447

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/2/10

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk