IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02026-BNB

BRIAN PATRICK STREET,

      Plaintiff,

v.

ROBERT SIMON, Inmate,
BROWN, S.I.S. Lieutenant,
LAWSON, Officer,
MR. TIXON, Counselor,
MR. WALDO, Case Manager,
BLAKE DAVIS, F.C.I. Warden,
MIKE NALLEY, Regional Director,
HARLEY LAPPIN, F.B.O.P. Director,
MS. LEWELLEN, Unit Manager,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 7 2010

GREGORY C. LANGHAM
                      CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

      Plaintiff, Brian Patrick Street, is a prisoner in the custody of the Federal Bureau

of Prisons (BOP) and is currently incarcerated at the Federal Correctional Institution

(FCI) in Marianna, Florida. He initiated this action in the United States District Court for

the Northern District of Florida in December 2009. The case was transferred to this

Court by order dated August 23, 2010, pursuant to 28 U.S.C. § 1406(a), because the

Defendants are employed at FCI-Englewood in Littleton, Colorado, where the acts

giving rise to this lawsuit occurred. Mr. Street filed *pro se* an amended Prisoner

Complaint on October 5, 2010, pursuant to 28 U.S.C. § 1331 and *Bivens v. Six*

***Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971).  Mr.

Street has been granted leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C.

§ 1915.

On November 2, 2010, Magistrate Judge Boyd N. Boland determined that the

amended complaint was deficient for failure to allege the personal participation of all

named Defendants.  Accordingly, Magistrate Judge Boland ordered Mr. Street to file a

second amended prisoner complaint, which he filed on November 22, 2010.

The Court must construe the second amended complaint liberally because Mr.

Street is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21

(1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the pleading

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the

Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements."  ***Hall***, 935 F.2d at 1110.  However, the Court

should not act as an advocate for ***pro se*** litigants.  ***See id.***

In his second amended complaint, Mr. Street alleges that he requested

placement in protective custody upon his arrival at FCI-Englewood on April 17, 2008,

because he was threatened by other inmates.  Plaintiff was housed in the annex.  A few

days later, Defendant Lawson, a correctional officer who was on duty in the annex, told

Plaintiff that he was a "chomo" (child molester).  Second amended Compl. at 3.

Lawson then proceeded to walk up and down the tier telling other inmates that Plaintiff

2

was a "chomo" and that Plaintiff had been threatened with rape if he went out to the

compound. *Id.* Plaintiff complained about Defendant Lawson's conduct to Defendant

Brown, an S.I.S. Lieutenant. Approximately one month later, Defendant Simon was

placed in Plaintiff's cell. Plaintiff alleges that Defendant Simon raped him and sexually

assaulted him repeatedly over the next twenty-three days. Defendant Simon told

Plaintiff that Defendant Brown "had it in for [him]" and that Simon was supposed to

teach Plaintiff "what it is like to be a victim." Second amended Compl. at 3a. When

Plaintiff sought help, he was ridiculed by Defendant Brown. Mr. Street asserts that

Defendants Tixon, Waldo, Lewellen, Davis, Nalley and Lappin were obligated to ensure

his safety, but the Defendants ignored his complaints and denied his grievances. For

relief, Mr. Street requests that Defendants Simon, Lawson and Brown be prosecuted

criminally. Plaintiff also seeks injunctive and monetary relief. For the reasons set forth

below, the second amended complaint will be dismissed in part.

Mr. Street has failed to allege any facts to establish the personal participation of

Defendants Tixon, Waldo, Lewellen, Davis, Nalley, and Lappin in the alleged violation

of his Eighth Amendment rights. Mr. Street was previously warned by Magistrate Judge

Boland that personal participation is an essential allegation in a civil rights action. *See*

*Kite v. Kelley,* 546 F.2d 334, 337 (10th Cir. 1976); *Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976). Further, a defendant may not be held liable on a theory of

respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);

*Kite*, 546 F.2d at 337. A supervisor is only liable for a constitutional violation that he or

she has caused. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010).

Accordingly, there must be an affirmative link between the alleged constitutional

violation and each Defendant's participation, control or direction, or failure to supervise.

*See Butler v. City of Norman,* 992 F.2d 1053, 1055 (10th Cir. 1993); *see also*

*Richardson,* 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable [for a

constitutional violation] where an 'affirmative' link exists between the unconstitutional

acts by their subordinates and their 'adoption of any plan or policy. . . – express or

otherwise–showing their authorization or approval of such 'misconduct.'") (quoting

*Rizzo v. Goode,* 423 U.S. 362, 371 (1976)).

Mr. Street alleges that he complained to Defendants Tixon, Waldo, Lewellen,

Davis, Nalley, and Lappin about the conduct of Defendants Lawson and Brown and

filed grievances concerning the same. *See* Second amended Compl. at 5. However,

the Tenth Circuit has repeatedly noted "that 'the denial of . . . grievances alone is

insufficient to establish personal participation in the alleged constitutional violations'" of

other defendants. *Whittington v. Ortiz,* 307 F. App'x 179, 193 (10th Cir. 2009)

(quoting *Larson v. Meek,* 240 F. App'x 777, 780 (10th Cir. 2007)). Further, Plaintiff's

allegations that these Defendants "ignored" his constant "complaints" about "what these

gentleman were doing to me," are vague. Mr. Street was warned in the November 2

Order that in order to state a claim in federal court he "must explain what each

defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant

4

violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Street has failed to allege sufficient facts to demonstrate that Defendant Tixon, Waldo, Lewellen, Davis, Nalley, or Lappin personally participated in the alleged violation of his Eighth Amendment rights. Accordingly, those Defendants are improper parties to the action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Street's Eighth Amendment claim that Defendants Brown and Lawson knew of, but failed to protect Plaintiff from a substantial risk of serious harm from Plaintiff's cell mate, Defendant Simon, does not appear to be appropriate for summary dismissal. Mr. Street also asserts pendent state law claims of false imprisonment and assault and battery against Defendant Simon, pursuant to 28 U.S.C. § 1367(a), which are not appropriate for summary dismissal. The case will therefore be drawn to a district judge and to a magistrate judge. ***See*** D.C.COLO.LCivR 8.2D. All other Defendants will be dismissed as parties to this action. Accordingly, it is

ORDERED that Defendants Mr. Tixon, Mr. Waldo, Blake Davis, Mike Nalley, Harley Lappin, and Ms. Lewellen are dismissed as parties to this action for Plaintiff's failure to allege their personal participation. The Clerk of the Court is instructed to remove Defendants Mr. Tixon, Mr. Waldo, Blake Davis, Mike Nalley, Harley Lappin, and Ms. Lewellen as named parties to the suit. The remaining Defendants are Defendants Robert Simon, Brown and Lawson. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 16th day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-02026-BNB

Brian P. Street
Reg No. 07527-030
FCI - Marianna
P.O. Box 7007 - Navajo-A
Marianna, Florida 32447-7007

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on December 17, 2010.

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk