IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-02026-MSK-MJW

BRIAN PATRICK STREET,

Plaintiff,

v.

ROBERT SIMON,
BROWN, and
LAWSON,

Defendants.

## ORDER REGARDING
## PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL
## (Docket No. 37)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

In a letter filed May 13, 2011, the pro se incarcerated plaintiff requests appointment of counsel.  (Docket No. 37).   Appointment of counsel for an indigent inmate under 28 U.S.C. § 1915(d) is within the sound discretion of the court.  See Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987).  When deciding whether to appoint counsel "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991).

Upon review of the above factors and the court file, the court finds that

2

appointment of counsel would be appropriate in this case and shall direct the Clerk of the Court to make a good faith effort to try to secure pro bono legal counsel for the plaintiff.  The court, however, advises the plaintiff that the granting of his request for appointed counsel does not necessarily mean that an attorney will appear on his behalf in this case.  The court will not force or require an attorney to represent the plaintiff.  Rather, this Order merely gives the attorneys on the *pro bono* panel notice that this case might be appropriate for *pro bono* representation and gives them an opportunity to volunteer their time to assist the plaintiff.  Since this Order does not guarantee that a *pro bono* attorney will ultimately appear for the plaintiff, the court further advises the plaintiff that ***unless and until an attorney agrees to represent him and enters an appearance on his behalf, he remains personally responsible to comply with the court's Orders and deadlines and to take all other actions necessary to continue to pursue this case***.  Moreover, because of the possibility that no attorney might volunteer, the court will not consider the fact that *pro bono* counsel has yet to appear to be good cause to extend any deadlines or continue any scheduled matters.

It is thus hereby **ORDERED** that the plaintiff's request for appointment of counsel (Docket No. 37) is granted to the extent that the Clerk of the Court is directed to make a good faith effort to try to secure pro bono counsel for the plaintiff.

Dated: May 16, 2011            s/Michael J. Watanabe
     Denver, Colorado            Michael J. Watanabe
                                               United States Magistrate Judge